[No. B104478. Second Dist., Div. Five. Nov. 19, 1997.]

LORETTA STEELE, Plaintiff and Appellant, v.
JENSEN INSTRUMENT COMPANY et al., Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Facts and parts I.-III. and V. of the Discussion.

COUNSEL

Victor C. Thuesen and Kerstin Molinder for Plaintiff and Appellant.

Holland, Donnelly & Mishler and Timothy G. Mishler for Defendants and Respondents.

OPINION

**GRIGNON, J.**—After the trial court granted a nonsuit motion as to the individual defendants and punitive damages, the jury awarded plaintiff $21,078 in her pregnancy discrimination action against defendant employer. Plaintiff appeals from the judgment in her favor. Plaintiff contends on appeal that the minimal damage award was the result of the following prejudicial judicial error: (1) nonsuit as to punitive damages; (2) gender bias; and (3)

jury instructions. Plaintiff contends further that the trial court erred when it awarded costs of $35,461.96 to defendants. In the published portion of this opinion, we consider the interplay among three attorney's fee and cost shifting statutes: Government Code section 12965, subdivision (b); Code of Civil Procedure section 1033, subdivision (a); and Code of Civil Procedure section 998, subdivision (c). We conclude the trial court did not abuse its discretion by failing to award plaintiff her costs and attorney's fees under Government Code section 12965, subdivision (b) and in denying plaintiff costs under Code of Civil Procedure section 1033, subdivision (a). Accordingly, the $21,078 judgment obtained by plaintiff did not exceed the $40,000 Code of Civil Procedure section 998 offer to compromise and the trial court properly awarded costs to defendants. In the unpublished portion of this opinion, we find no prejudicial judicial error. We affirm.

## PROCEDURAL BACKGROUND

On April 17, 1995, plaintiff and appellant Loretta Steele filed a pregnancy discrimination complaint against defendants and respondents Jensen Instrument Company, Tim Campbell, and Frank Molinari (collectively Jensen) for violation of the Fair Employment and Housing Act (FEHA) (Gov. Code § 12900 et seq.). Jensen answered the complaint on June 2, 1995. On December 20, 1995, Jensen made a statutory offer of compromise for $40,000.

Trial commenced May 15, 1996. After the presentation of Steele's case, the trial court granted Jensen's motion for nonsuit as to the individual defendants and punitive damages. The jury found for Steele and awarded her compensatory damages of $21,078. The trial court entered judgment on the verdict on May 22, 1996. The trial court denied Steele costs, did not award her attorney's fees, and awarded Jensen costs of $35,461.96.

Steele filed a timely appeal.

## FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

I.-III.*

. . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 326.

IV. *Award of Costs to Jensen*

 Steele contends the trial court improperly awarded costs to Jensen. She argues that she was entitled to an award of attorney's fees and costs pursuant to Government Code section 12965, subdivision (b) and when her attorney's fees and costs are added to her damages, the judgment exceeds the Code of Civil Procedure section 998 offer.

As a general rule, the prevailing party in an action is entitled to recover costs. (Code Civ. Proc., § 1032, subd. (b).) As a further general rule, the parties to an action are required to bear their own attorney's fees, unless otherwise provided by statute or contract. (Code Civ. Proc., § 1021.) However, various attorney's fee and cost-shifting statutes have been enacted to promote various public policies.

One of the public policies so promoted is the encouragement of settlements. Code of Civil Procedure section 998 permits a defendant to make a statutory offer to compromise an action. "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment, the plaintiff shall not recover his or her costs and shall pay the defendant's costs from the time of the offer." (Code Civ. Proc., § 998, subd. (c).) "[I]n determining the 'more favorable judgment' issue under section 998 'we first add to the judgment of damages those recoverable costs and attorney's fees authorized by statute and incurred before the settlement offer.' " (*Wilson* v. *Safeway Stores, Inc.* (1997) 52 Cal.App.4th 267, 271 [60 Cal.Rptr.2d 532].) Although Code of Civil Procedure section 998, subdivision (c) has been amended to preclude, in contract actions, the addition of attorney's fees and costs to the judgment of damages,[3] such fees and costs must be added in actions brought under the FEHA. (52 Cal.App.4th at pp. 271-274.)

A second policy promoted by a cost-shifting statute is the encouragement of the bringing of an action in the appropriate forum. For example, actions in which the amount in dispute is $25,000 or less should be brought in the municipal court. (Code Civ. Proc., § 86.) If a plaintiff brings an action in superior court and recovers a judgment within the $25,000 jurisdictional limit of the municipal court, the trial court has the discretion to deny costs to the plaintiff. "In the superior court, costs or any portion of claimed costs shall be as determined by the court in its discretion . . . where the prevailing party recovers a judgment that could have been rendered in a

---

[3]"For purposes of this section, a plaintiff in a cause of action not based on tort shall not be deemed to have obtained a more favorable judgment unless the judgment obtained by the plaintiff, exclusive of attorney's fees and costs, exceeds the offer made by the defendant pursuant to this section." (Code Civ. Proc., § 998, subd. (c).)

court of lesser jurisdiction." (Code Civ. Proc., § 1033, subd. (a).) In determining whether the prevailing party recovered a judgment that could have been rendered in a court of lesser jurisdiction, the trial court does not add a potential award of statutory or contractual attorney's fees. (*Dorman* v. *DWLC Corp.* (1995) 35 Cal.App.4th 1808, 1815 [42 Cal.Rptr.2d 459].)

We review the trial court's denial of costs under Code of Civil Procedure section 1033, subdivision (a) for abuse of discretion. ■ " ' "It is fairly deducible from the cases that one of the essential attributes of abuse of discretion is that it must clearly appear to effect injustice. [Citations.] Discretion is abused whenever, in its exercise, the court exceeds the bounds of reason, all of the circumstances before it being considered. The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice[,] a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power." ' " (*Dorman* v. *DWLC Corp.*, *supra*, 35 Cal.App.4th at p. 1815.)

■ A trial court has discretion to award attorney's fees and costs to the party prevailing in a FEHA action. "In actions brought under this section, the court, in its discretion may award to the prevailing party reasonable attorney fees and costs . . . ." (Gov. Code, § 12965, subd. (b).) We review the trial court's failure to award attorney's fees under an abuse of discretion standard. In FEHA actions, "the 'discretion to deny a fee award to a prevailing plaintiff is narrow' [Citation.] A prevailing plaintiff 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.' " (*Stephens* v. *Coldwell Banker Commercial Group, Inc.* (1988) 199 Cal.App.3d 1394, 1405 [245 Cal.Rptr. 606].)

■ The interplay of these statutes is complex. However, we conclude Jensen was properly awarded costs in this case. Nonsuit was granted as to the individual defendants. Steele obtained a judgment of only $21,078 against defendant employer, an award within the jurisdictional limit of the municipal court. Thus, the trial court had the discretion to deny Steele her costs. Attorney's fees and costs authorized by the FEHA are also discretionary. Here, the two individual defendants were granted nonsuit. Steele obtained an award against defendant employer which was less than the jurisdictional limit of the municipal court and less than the pretrial settlement offer. Thus, the trial court did not abuse its discretion in denying an award of costs and attorney's fees to Steele.

That being the case, Steele had no costs or attorney's fees to add to the judgment of damages for purposes of determining whether Jensen was

entitled to its costs pursuant to Code of Civil Procedure section 998, subdivision (c). Therefore, the judgment of $21,078 was not more favorable than the Code of Civil Procedure section 998 offer of $40,000 and Jensen was entitled to its costs.

## V. *Expert Witness Costs**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment and postjudgment order awarding costs are affirmed. Respondents Jensen Instrument Company, Tim Campbell, and Frank Molinari are awarded their costs on appeal.

Turner, P. J., and Armstrong, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 11, 1998. Mosk, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 326.