72 Cal.Rptr.3d 783 (2008)
160 Cal.App.4th 410
Robert CHAVEZ, Plaintiff and Appellant,
v.
CITY OF LOS ANGELES et al., Defendants and Respondents.
No. B192375.
Court of Appeal of California, Second District, Division Eight.
February 22, 2008.
*785 Law Office of Rochelle Evans Jackson and Rochelle Evans Jackson, Orange, for Appellant.
Rockard J. Delgadillo, City Attorney, and Paul L. Winnemore, Deputy City Attorney, for Respondents.
*784 FLIER, J.

SUMMARY
After five years of litigation in the superior court, district court, and Ninth Circuit Court of Appeals, a jury awarded appellant Robert Chavez $11,500 in a statutory retaliation action brought against his employer and a supervisor. Chavez then filed a motion seeking approximately $871,000 in attorney fees under the fee provisions of the Fair Employment and Housing Act (FEHA), Government Code section 12965, subdivision (b). Ignoring that statute, and instead exercising its discretion under Code of Civil Procedure section 1033, subdivision (a)[1] to deny costs because Chavez's recovery was below its jurisdictional minimum, the trial court denied the motion. Chavez appeals from the denial of the motion, contending the court applied the wrong statutory standard and abused its discretion by denying him fees. We agree and reverse the order.

FACTUAL AND PROCEDURAL BACKGROUND
Chavez, a Los Angeles Police Department officer, sued his employer, the City of Los Angeles (City), and three supervisors for violation of FEHA. Chavez alleged he was subjected to discrimination based on a perceived disability and in retaliation for complaining about harassment and discrimination. Chavez sought recovery for five days' lost pay and benefits, emotional distress, and punitive damages. Before trial, the parties participated in five mediation sessions. According to Chavez, the City made no offer to settle except to waive its costs in full satisfaction of Chavez's claims. Neither side made a statutory offer to compromise. (§ 998.)
At the conclusion of trial, the jury returned a verdict in favor of Chavez on his claim of retaliation. The jury awarded him economic damages of $1,500 for lost overtime and cash detail, and noneconomic damages of $10,000 for mental suffering and emotional distress against the City and one individual defendant.[2] No punitive damages were awarded.
*786 Following trial, Chavez moved for $870,935.50 in attorney fees as the prevailing plaintiff under FEHA. The fees consisted of $435,467.75 in hourly fees, enhanced with a multiplier of 2.0. (Gov. Code, § 12965, subd. (b).) Chavez's motion was supported by an expert witness's declaration attesting to the reasonableness of his fee request. The City opposed the motion. It argued Chavez had (1) failed to establish a reasonable hourly rate for sole practitioners with experience comparable to that of his attorney, Rochelle Evans Jackson, (2) submitted inflated bills based on questionable billing practices, (3) unreasonably sought a positive multiplier, and (4) sought recovery of fees for time spent litigating claims on which he had not prevailed. The City urged the trial court to exercise its discretion to deny or at least substantially reduce Chavez's fee request.[3] Based on Chavez's modest recovery, the court exercised its discretion under section 1033, subdivision (a) to deny fees as costs under section 1033.5, subdivision (a)(10)(B), and denied the motion. This appeal followed.

DISCUSSION
The issues before us are whether the trial court erred in failing to consider the motion in light of Chavez's status as the prevailing plaintiff under FEHA and in applying section 1033 to deny him fees.

1. Standard of review.
Under FEHA, a prevailing plaintiff is entitled to recover attorney fees and costs absent circumstances rendering the award unjust. (Gov.Code, § 12965, subd. (b); Stephens v. Coldwell Banker Commercial Group, Inc. (1988) 199 Cal.App.3d 1394, 1406, 245 Cal.Rptr. 606 (Stephens), disapproved on other grounds in White v. Ultramar, Inc. (1999) 21 Cal.4th 563, 574, fn. 4, 88 Cal.Rptr.2d 19, 981 P.2d 944.) We review an order denying attorney fees to a prevailing plaintiff under FEHA for abuse of discretion. (Steele v. Jensen Instrument Co. (1997) 59 Cal.App.4th 326, 330, 69 Cal.Rptr.2d 135 (Steele); Vo v. Las Virgenes Municipal Water Dist. (2000) 79 Cal.App.4th 440, 445, 94 Cal.Rptr.2d 143.) But the determination whether the criteria for a fee award are met is a legal question subject to de novo review on appeal. (Akins v. Enterprise Rentr-A-Car Co. (2000) 79 Cal.App.4th 1127, 1132-1133, 94 Cal.Rptr.2d 448.) While the court is vested with discretion to deny attorney fees to a prevailing plaintiff, its discretion "is narrow." (Stephens, supra, 199 Cal.App.3d at p. 1405, 245 Cal.Rptr. 606.) Two cost-shifting and attorney fees statuteseach advancing different public policiesare involved: FEHA's fee provision (Gov.Code, § 12965, subd. (b)), and section 1033, subdivision (a). In its ruling, the trial court made no reference to FEHA's fee provision. Instead, it focused on Chavez's modest recovery to justify its exercise of discretion under section 1033, subdivision (a), to deny attorney fees outright as costs under section 1033.5, subdivision (a)(10).

2. Section 1033, subdivision (a).
Section 1033, subdivision (a) is a cost-shifting statute designed to encourage a plaintiff to pursue litigation in the appropriate forum, and to deter the plaintiff from exaggerating the value of a case. (2 Witkin, Cal. Procedure (4th ed. 1996) Jurisdiction, § 30, p. 576.) To encourage the filing of minor grievances as "limited civil cases," section 1033 vests trial courts with the discretion to deny costs to a plaintiff who files an action as an unlimited action, *787 but recovers a judgment in an amount which could have been rendered in a court of limited jurisdiction.[4] (Steele, supra, 59 Cal.App.4th at p. 330, 69 Cal.Rptr.2d 135.) Under section 1033, "costs" include attorney fees if authorized by a statute, such as FEHA. (§ 1033.5, subd. (a)(10)(B).)
Classification of limited civil case turns largely on whether the amount in controversy exceeds $25,000. (§ 85, subd. (a).) That classification has significant consequences in terms of the quantity of discovery the parties may conduct. In a limited civil action, discovery is typically limited to one deposition and a combined maximum of 35 interrogatories, document requests or requests for admission. (§ 94; but see § 95, subds. (a) & (b) [permitting additional discovery by stipulation or on showing of need].) Neither statutory nor contractual attorney fees are part of the equation when the trial court determines whether a judgment is one that could have been rendered in a court of limited jurisdiction. (Dorman v. DWLC Corp. (1995) 35 Cal.App.4th 1808, 1815, 42 Cal.Rptr.2d 459.)

3. Attorney fees under FEHA.
FEHA authorizes an award of attorney fees to the prevailing party. (Gov. Code, § 12965, subd. (b).) According to that statute, "[T]he court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs, ... except where the action is filed by a public agency...." (Ibid.) A key objective of FEHA is to preserve the civil rights of Californians to seek and maintain employment without discrimination. (Gov.Code, §§ 12920, 12921.) Notwithstanding FEHA's neutral language, courts award attorney fees to a prevailing plaintiff as a matter of course unless special circumstances render an award unjust; but a prevailing defendant recovers fees only if an action is found to be "`unreasonable, frivolous, meritless or vexatious.'" (Cummings v. Benco Building Services (1992) 11 Cal.App.4th 1383, 1387, 15 Cal.Rptr.2d 53, quoting Christiansburg Garment Co. v. EEOC (1978) 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648; Jersey v. John Muir Medical Center (2002) 97 Cal.App.4th 814, 830-832, 118 Cal.Rptr.2d 807.)
A plaintiff who brings a discrimination suit acts as a private attorney general, vindicating a vital legislative policy. (Cummings v. Benco Building Services, supra, 11 Cal.App.4th at p. 1387, 15 Cal. Rptr.2d 53.) The statutory fee provisions are meant to case the burden on plaintiffs of limited means so they can bring meritorious suits to vindicate key public policies. An award of fees to a prevailing plaintiff under FEHA provides "`fair compensation to the attorneys involved in the litigation at hand and encourage[s] litigation of claims that in the public interest merit litigation.'" (Flannery v. Prentice (2001) 26 Cal.4th 572, 584, 110 Cal.Rptr.2d 809, 28 P.3d 860, quoting Weeks v. Baker & McKenzie (1998) 63 Cal.App.4th 1128, 1172, 74 Cal.Rptr.2d 510.)

4. The interplay of the cost-shifting statutes in this action.
The trial court's three-page ruling denying Chavez's motion for attorney fees ignored FEHA. The court made no express finding of any "special circumstance" to justify its denial of fees under that statute. Instead, it relied on Chavez's modest recovery and the "sparse" evidence he presented at trial regarding damages to justify *788 its denial of fees under section 1033. The court noted its decision was "guided" by the holding in Steele, supra, 59 Cal. App.4th 326, 69 Cal.Rptr.2d 135, where the court's "discretion to deny fees was upheld in a case where the verdict was twice the amount of the instant one." Steele is not persuasive.
In Steele, the plaintiff sued her employer and two individuals in superior court for pregnancy discrimination under FEHA. Defendants made an offer to compromise under section 998 of $40,000, which the plaintiff rejected. Plaintiff was awarded just over $21,000 by a jury. The trial court denied plaintiffs request for attorney fees and costs. Plaintiff appealed, arguing the court erred in denying her fees under section 1033; she was entitled to fees under FEHA; and, under section 998, when her fees and costs were added to the jury's award, the judgment exceeded defendant's statutory offer. (Steele, supra, 59 Cal.App.4th at p. 329, 69 Cal.Rptr.2d 135.) The court of appeal disagreed. It determined that the trial court had discretion to deny fees and costs because nonsuit was granted in favor of the individual defendants, and because the amount of the judgment against the employer was less than the jurisdictional limit of the municipal court and only about half the amount of the section 998 offer. (Id. at p. 330, 69 Cal.Rptr.2d 135.)
Factually, this action differs from Steele in that Chavez ultimately prevailed on one cause of action against his employer and an individual defendant. Moreover, notwithstanding Chavez's efforts to resolve the matter during five years of litigation and at least as many formal endeavors at settlement, the City never made a section 998 offeror any offerto settle the case.
Most importantly, while noting in passing that "[t]he interplay of these statutes is complex," like the trial court in this action, the court in Steele failed to address whether special circumstances existed rendering an award of attorney fees under FEHA unjust.[5] The court just assumed section 1033 applied, never questioning its applicability in a civil rights action, allowing it to trump a prevailing plaintiffs right to recover fees under FEHA.
In our view, section 1033 does not apply in actions brought under FEHA. Section 1033, subdivision (a) is designed to encourage pursuit of minor grievances in courts of limited jurisdiction where simple disputes may be expeditiously and less expensively resolved. That rationale is inapposite in statutory discrimination or civil rights actions. FEHA actions do not always involve large sums of money. However, that factor alone cannot convert a bona fide civil rights claim into an insignificant grievance. Even a modest financial recovery can serve to vindicate a substantial legal right. Moreover, by its nature and the fact that circumstantial evidence is almost always required to prove a discrimination or other claim under FEHA, such litigation is invariably expensive and time consuming in terms of the quantity of discovery conducted and the inevitability of summary judgment or other extensive pretrial motions. FEHA's attorney fee provision is designed to case the financial burden on a plaintiff of limited means to enable the plaintiff to find representation to sue to vindicate a significant public policy. It provides assurance to an attorney whose client prevails that the attorney will be paid a reasonable fee, unless special circumstances make a fee award unjust. (Stephens, supra, 199 Cal.App.3d at p. 1405, 245 Cal.Rptr. 606.) That assurance is not predicated on the size of the jury's *789 award. In FEHA actions, it is not uncommon for fee awards to greatly exceed the amount of the verdict. (See, e.g., Vo v. Las Virgenes Municipal Water District, supra, 79 Cal.App.4th at pp. 442-445, 94 Cal.Rptr.2d 143 [affirming attorney fees award of $470,000 on a $37,500 verdict]; Riverside v. Rivera (1986) 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 [award of attorney fees of over $245,000 upheld where damages awarded just exceeded $33,000].)
Denying attorney fees to a plaintiff who prevails under FEHA solely because the plaintiffs damages are modest would be inimical to the intent of FEHA's fee provisions and would discourage attorneys from taking meritorious cases. Unless a victory is merely technical or "de minimis" and does not serve a public purpose, federal and state courts almost uniformly refuse to link the size of a fee award to the amount of damages a plaintiff recovers.[6] (See, e.g., Quesada v. Thomason (9th Cir.1988) 850 F.2d 537, 540 [reducing fee award below lodestar simply because a damage award is small impermissibly creates an incentive for attorneys to file only those civil rights actions likely to produce large awards]; Riverside v. Rivera, supra, 477 U.S. at p. 581, 106 S.Ct. 2686 [rejecting argument that plaintiffs fee award in action under 42 U.S.C. § 1983 should be limited to percentage of monetary recovery]; Wilcox v. City of Reno (9th Cir.1994) 42 F.3d 550 [fee award of over $66,500 affirmed where damages awarded were $1.00]; Wallace v. Mulholland (7th Cir.1992) 957 F.2d 333, 339 [refusing to adopt a rule of proportionality between degree of plaintiffs financial recovery and amount of attorney fee award]; Corder v. Gates (9th Cir.1991) 947 F.2d 374 [affirming attorney fees of over $90,000 on damages award of $24,000]; County of Los Angeles v. Superior Court (1999) 21 Cal.4th 292, 304, fn. 2, 87 Cal. Rptr.2d 441, 981 P.2d 68 ["a small award of compensatory damages in a federal civil rights lawsuit can justify a substantial amount of attorney fees"]; Nightingale v. Hyundai Motor America (1994) 31 Cal. App.4th 99, 37 Cal.Rptr.2d 149 [judgment for just over $6,000, attorney fees of almost $76,000]; Stokus v. Marsh (1990) 217 Cal.App.3d 647, 266 Cal.Rptr. 90 [limiting fees by amount of damages permits recalcitrant defendants to deprive prevailing plaintiff of reasonable attorney fees]; but see Farrar v. Hobby (1992) 506 U.S. 103, 116-122, 113 S.Ct. 566, 121 L.Ed.2d 494 (cone. opn. of O'Connor. J.) [court may award low or no fees on nominal damage award if victory is technical or "de minimis" and does not advance a significant issue or public purpose].)
FEHA and section 1033, subdivision (a), each serve laudable but conflicting public policies, particularly so in light of the rule that attorney fees must be awarded to a prevailing plaintiff under FEHA unless special circumstances make an award unjust under that statute. The trial court should have analyzed Chavez's fee motion under Government Code section 12965, the applicable statute under which the motion was brought, not section 1033. We conclude the trial court abused its discretion when it denied fees because the damages award was modest and, in hindsight, could have been made in a court of limited jurisdiction. Until the court raised the specter of section 1033 on its own after the issue of attorney fees under FEHA was fully briefed, no one raised the subject of the amount in controversy not exceeding *790 $25,000. Indeed, according to Chavez, the fact that each side believed significant sums were at stake is evidenced by the parties' stipulation to consolidate this action with his federal action. According to his attorney, that stipulation occurred only because the City threatened to remove the case on the ground the amount in controversy exceeded $75,000, the jurisdictional minimum for a federal diversity action. (28 U.S.C. § 1332(a).)
The court also failed to consider whether an attorney could have competently filed this civil rights action as a limited jurisdiction case, and the parties' efforts to settle the action short of litigation. As Chavez's attorney noted at the hearing on the motion, as a practical matter, she could not have filed this case as a limited civil action. Even in its final, more streamlined form, this statutory retaliation action involved two complex causes of action against four defendants, one a large public entity. At one point, Chavez intended to call 28 witnesses at a trial projected to last two weeks. Chavez conducted written discovery and took at least 13 depositions. Had this lawsuit been filed as a limited civil action, Chavez could not have deposed all the named defendants, let alone other essential witnesses. That Chavez eventually prevailed on only one theory and against two defendants is not dispositive. "`Attorneys generally must pursue, all available legal avenues and theories in pursuit of their clients' objectives; it is impossible, as a practical matter, for an attorney to know in advance whether or not his or her work on a potentially meritorious legal theory will ultimately prevail' [Citation.]" (Greene v. Dillingham Construction N.A, Inc. (2002) 101 Cal.App.4th 418, 424, 124 Cal.Rptr.2d 250.)
Moreover, according to Chavez, the parties participated in five mediation sessions, and he made numerous attempts to settle the case. The City flatly resisted all settlement discussions and never made a substantive offer. The City's litigation posture forced Chavez to engage in extensive discovery and litigate the action for five years through the state and federal trial and appellate courts, incurring substantial attorney fees. Under these circumstances, in which Chavez prevailed against some defendants on his FEHA retaliation claim, and in the face of a recalcitrant City, it was unjust to deny him any fees. Nothing in this record evidences special circumstances sufficient to render an award of fees unjust, apart from the modest verdict, which itself provides an insufficient basis to deny a prevailing plaintiff attorney fees under FEHA. (See Riverside v. Rivera, supra, All U.S. at pp. 575-577, 106 S.Ct. 2686; Quesada v. Thomason, supra, 850 F.2d at p. 540; Beaty v. BET Holdings, Inc. (9th Cir.2000) 222 F.3d 607, 612 [applying FEHA].) We also reject the City's invitation to imply a finding of special circumstances because the trial court issued a three-page minute order discussing the basis for its decision. The order enumerates the reasons for the court's ruling and clearly states its reliance on Chavez's minimal recovery to justify its application of section 1033, subdivision (a). The order contains no analysis of special circumstances sufficient to justify a denial of attorney fees under FEHA.
We conclude the order denying Chavez's motion must be reversed and the case remanded for proper application of Government Code section 12965, subdivision (b) and consideration of the City's objections to Chavez's fee request. We express no opinion regarding the amount of fees due Chavez. On remand, Chavez must establish that the fees he seeks were reasonably incurred. The trial court should consider the FEHA motion and objections to the motion, and then determine *791 the lodestar figure by multiplying the hours reasonably worked by a reasonable hourly rate. (Press v. Lucky Stores, Inc. (1983) 34 Cal.3d 311, 322, 193 Cal.Rptr. 900, 667 P.2d 704; Serrano v. Unruh (1982) 32 Cal.3d 621, 639, 186 Cal.Rptr. 754, 652 P.2d 985.) The court may augment or reduce the lodestar figure in light of applicable factors to make an appropriate fee award. (See Ketchum v. Moses (2001) 24 Cal.4th 1122, 1134, 104 Cal. Rptr.2d 377, 17 P.3d 735; PLCM Group, Inc. v. Drexler (2000) 22 Cal.4th 1084, 1095, 95 Cal.Rptr.2d 198, 997 P.2d 511; Serrano v. Unruh, supra, 32 Cal.3d at p. 643, 186 Cal.Rptr. 754, 652 P.2d 985; Serrano v. Priest (1977) 20 Cal.3d 25, 48, 141 Cal.Rptr. 315, 569 P.2d 1303.) Those factors include the novelty and difficulty of the issues and the skill displayed in presenting them, other employment precluded by the litigation, the contingent nature of the fee award, the quality of the representation (Serrano v. Priest, supra, 20 Cal.3d at p. 49, 141 Cal.Rptr. 315, 569 P.2d 1303), and damages and other relief obtained by the litigation and any delay in receipt of payment (Downey Cares v. Downey Community Development Com. (1987) 196 Cal. App.3d 983, 995, fn. 11, 242 Cal.Rptr. 272). The court is not, as a matter of law, required to apply a multiplier, and a multiplier may be inappropriate if the action lacks significant public value or is one in which the plaintiffs injuries are slight. (Weeks v. Baker & McKenzie, supra, 63 Cal. App.4th at p. 1175, 74 Cal.Rptr.2d 510; State of California v. Meyer (1985) 174 Cal.App.3d 1061, 1073-1074, 220 Cal.Rptr. 884.) It is not inappropriate for a trial court to reduce a fee award if a plaintiff obtains only limited success, so long as the claims on which the plaintiff prevails are distinct from and unrelated to the unsuccessful claims.[7] (Harman v. City and County of San Francisco (2006) 136 Cal. App.4th 1279, 1307, 39 Cal.Rptr.3d 589; Greene v. Dillingham Construction N.A., Inc., supra, 101 Cal.App.4th at p. 423, 124 Cal.Rptr.2d 250.) The court has broad authority to determine the amount of reasonable fees. (PLCM Group, Inc. v. Drexler, supra, 22 Cal.4th at p. 1095, 95 Cal. Rptr.2d 198, 997 P.2d 511.) Nevertheless, because determination of the lodestar figure is fundamental to the determination of an objectively reasonable amount, the exercise of that, discretion must begin with and be based upon the lodestar adjustment method. (Ketchum v. Moses, supra, 2A Cal.4th at p. 1134, 104 Cal.Rptr.2d 377, 17 P.3d 735.)

DISPOSITION
The order denying Chavez's motion for attorney fees is reversed. The matter is remanded to the trial court for a redetermination of the amount of attorney fees to be awarded Chavez, including an amount for fees incurred prosecuting this appeal. Costs on appeal are awarded to Chavez.
We concur: COOPER, P.J., and RUBIN, J.
NOTES
[1] Undesignated statutory references are to the Code of Civil Procedure.
[2] A motion for nonsuit was granted in favor of one supervisor during trial. The jury found in favor of the City and the third individual defendant on the discrimination claim.
[3] The City's expert recommended Chavez be awarded fees of no more than $158,783.44. The City itself urged the trial court to reduce the fee award to at least $44,459.37.
[4] After trial court unification in 1998, civil cases formerly within the jurisdiction of the municipal courtwhere the amount in controversy is less than $25,000are classified as "limited civil cases." (§§ 85, subd. (a), 86.) All others are "unlimited civil cases." (§ 88.)
[5] The facts of Steele are not included in the published portion of that opinion.
[6] Because the language and objectives of FEHA closely parallel or are identical to equivalent federal civil rights statutes, we refer to federal court decisions where appropriate. (See Stephens, supra, 199 Cal.App.3d at p. 1405, 245 Cal.Rptr. 606.)
[7] It is worth noting that even the City's damages expert opined that Chavez was due attorney fees of up to $158,783.44.