Filed 12/11/25  Pak v. Rassman CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JAE PAK,<br><br>    Plaintiff, Cross-defendant and Appellant,<br><br>        v.<br><br>WILLIAM RASSMAN,<br><br>    Defendant, Cross-complainant and Respondent. | G061970, G063904<br><br>(Super. Ct. No. 30-2020-01152149)<br><br>O P I N I O N |

Appeals from a judgment and a postjudgment order of the Superior Court of Orange County, Richard Y. Lee, Judge. Affirmed.

Frost Brown Todd and Madison S. Spach, Jr., for Plaintiff, Cross-defendant, and Appellant.

Buchalter, Robert M. Dato; Godes & Preis, Oliver B. Dreger and Benjamin G. Reynolds for Defendant, Cross-complainant, and Respondent.

Cross-defendant Jae Pak appeals from a nearly $1.4 million judgment and a $576,000 attorney fee award for his former colleague, William Rassman. Pak contends (1) the court erred in permitting Rassman to add an unsupported Fair Employment and Housing Act harassment claim; (2) the court misinstructed the jury and allowed unsupported claims, including individual claims Rassman lacked standing to assert; and (3) the damages award was unsupported and the fee award unjustified. We find no reversible error and affirm.

FACTS

Pak and Rassman, both medical doctors, co-owned and jointly operated New Hair Institute Medical Group (NHI), which provided hair-transplant services. Their relationship eventually deteriorated, with Pak claiming Rassman had become incapacitated and was not generating enough revenue. He decided to separate from Rassman and start a new business.

Pak then took steps to exclude Rassman from the business. He informed staff that Rassman was no longer allowed in the office, hired security guards to enforce the directive, stopped paying Rassman's salary, and purported to terminate his employment. He withdrew $600,000 from NHI's bank account without Rassman's approval and used the money for personal purposes. He formed a new entity and assumed control of NHI's assets. And he filed a complaint against Rassman with the state medical board, which found the allegations unsupported.

Pak sued Rassman for breach of fiduciary duty and related claims. Rassman filed a cross-complaint against Pak and NHI, alleging conversion, breach of fiduciary duty, wrongful termination, and other claims. While the action was pending, Rassman filed an administrative complaint with the Department of Fair Employment and Housing, alleging that Pak

2

and NHI harassed and discriminated against him based on age and disability "on or about November 30, 2021," the date he filed the administrative complaint. He obtained a right-to-sue letter.[1]

The case proceeded to trial. After the close of evidence, the court and the parties held a lengthy off-the-record conference on jury instructions and other issues. The court's summary of the conference spans eight pages of the reporter's transcript. Both parties confirmed that the court "accurately convey[ed] [their] respective positions and the court's ruling[s]." The court reported that during the conference, Rassman moved to amend his cross-complaint according to proof to add a FEHA harassment claim. It stated, "[Pak] objects to that request but I will grant that amendment." The court also noted that the parties stipulated to various pattern jury instructions, including on breach of fiduciary duty (CACI Nos. 4100–4102). Finally, the court stated, "The parties have decided they do not want to proceed with a special verdict form[—]the parties are instead going to proceed by way of a general verdict form for this jury."

The trial court and the parties then discussed the jury instructions at another unreported conference. Back on the record, the trial court described various matters discussed at the conference and added, "We have cleaned up some of the parties and other language in the instructions."

The court instructed the jury that "[a] corporate officer owes . . . a fiduciary duty to his partner" and that Pak and NHI were Rassman's "corporate officer." Over Pak's objection, the court instructed the jury on conversion and wrongful termination, requiring proof that Rassman "owned half of the NHI assets" (conversion) and that he had been employed by "Pak

---

[1] Rassman's administrative complaint and the letter are in the record but were not presented at trial.

3

. . . and [NHI]" (wrongful termination). The court also instructed the jury on economic and non-economic damages, including past and future emotional distress.

The jury received a general verdict form, broken down by cause of action. The form listed NHI as the only defendant on Rassman's wrongful termination claim. It included a single damages question for all causes of action combined, asking for an amount against "Pak . . . and [NHI]." The jury found for Pak on his breach of fiduciary duty claim and awarded him about $80,000. But it found for Rassman on his cross-claims for breach of fiduciary duty, wrongful termination, conversion, and FEHA harassment, awarding nearly $1.4 million in damages. It rejected his other cross-claims.

After trial, Rassman sought about $1.25 million in attorney fees for his FEHA claim. Over Pak's opposition, the court awarded him $576,000.

DISCUSSION

I.

PAK SHOWS NO ERROR IN ALLOWING RASSMAN TO ADD THE FEHA CLAIM

We find no reversible error in allowing the addition of the FEHA claim. Allowing amendments to conform to the proof rests in the trial court's discretion and is allowed "'with great liberality.'" (*McMillin v. Eare* (2021) 70 Cal.App.5th 893, 909.)

Pak contends the amendment was improper because it (1) introduced new issues on which he had no opportunity to defend, (2) did not conform to proof, and (3) permitted recovery of attorney fees, which were otherwise unavailable.

Pak did not preserve these contentions for review. Although the trial court noted that Pak objected to the amendment, Pak did not ensure the record disclosed the grounds he asserted. Whatever those unspecified

4

grounds may have been, he cannot assert them now. (*In re E.A.* (2012) 209 Cal.App.4th 787, 790 ["The unfairness to the trial court and the opposing side if appellate counsel is permitted to invent the grounds for the objection is manifest"].)

Pak's contention that the evidence did not support the jury's verdict is unpersuasive. His sole challenge to the evidence concerns Rassman's failure to exhaust administrative remedies before seeking a judicial remedy for his FEHA claim. Yet the record shows that Rassman sufficiently exhausted his administrative remedies by seeking and obtaining a right-to-sue letter. Contrary to Pak's suggestion, neither the different date of wrongful conduct Rassman provided in his administrative complaint nor minor variances between the allegations there and the claim at trial defeats exhaustion. (*Nazir v. United Airlines, Inc.* (2009) 178 Cal.App.4th 243, 267 [sufficient exhaustion where claim is "'like or reasonably related to'" administrative complaint].) And contrary to Pak's assertion, in deciding whether Rassman exhausted his administrative remedies, we are not limited to the evidence admitted at trial. (*Kim v. Konad USA Distribution, Inc.* (2014) 226 Cal.App.4th 1336, 1347.)

II.

PAK SHOWS NO REVERSIBLE ERROR ON THE CLAIMS FOR
WRONGFUL TERMINATION, BREACH OF FIDUCIARY DUTY, OR CONVERSION

Pak asserts several challenges to the judgment on these three claims. We find no reversible error.

First, the wrongful termination instruction could not have prejudiced Pak. (*Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 574 [no reversal on instructional error absent prejudice].) It incorrectly stated that Rassman was required to prove he was employed and discharged by NHI *and*

5

*Pak*. Pak claims the instruction might have misled the jury to think it could award damages against him. But the verdict form listed only NHI as a defendant on this claim. The jury had no opportunity to find Pak liable on this claim. In any event, the general damages question—which Pak does not challenge—made no distinction between NHI and Pak. So including Pak in the instruction on wrongful termination could not have prejudiced him.

Next, the conversion instruction was not erroneous. Contrary to Pak's assertion, the instruction did not allow the jury to find him liable for converting property Rassman did not own. Rather, it expressly required the jury to find that Rassman "owned" the relevant assets. For the same reason, we reject Pak's claim that Rassman lacked standing to assert individual claims based on the taking of this property—the jury was tasked with deciding if Rassman personally owned this property, and it found that he did.

And we need not consider Pak's contention that Rassman's conversion claim was unsupported because the jury's damages award is supported by at least Rassman's FEHA claim. Where several counts are tried, a general verdict will not be disturbed if any single count is supported by substantial evidence and unaffected by error, even if another count lacks evidentiary support. (*Stonelight Tile, Inc. v. California Ins. Guarantee Assn.* (2007) 150 Cal.App.4th 19, 39; *Lundy v. Ford Motor Co.* (2001) 87 Cal.App.4th 472, 480 [stating general rule].)

Finally, for the instructions on breach of fiduciary duty, we conclude the invited-error doctrine precludes Pak's contentions. After stipulating to the pattern instructions, the parties held an off-the-record conference with the court, at which they "cleaned up some of the parties and other language in the instructions." Because the record does not show who requested the modifications Pak complains about, we presume Pak did so and

6

thus cannot challenge them on appeal.[2] (*Regalado v. Callaghan* (2016) 3 Cal.App.5th 582, 593 [absent contrary showing, reviewing court presumes appellant requested instruction and therefore cannot complain of error].) And we will not disturb the general verdict, supported by the FEHA claim, even if the fiduciary duty claim is unsupported. (*Stonelight Tile, Inc. v. California Ins. Guarantee Assn., supra*, 150 Cal.App.4th at p. 39.)

III.

PAK IDENTIFIES NO ERROR

IN THE AMOUNT OF DAMAGES OR THE AWARD OF ATTORNEY FEES

Pak claims the evidence did not support the damages award "on the components of damages permitted by the jury instructions" (italics omitted), focusing on Rassman's economic damages. He wrongly dismisses any non-economic damages as tied to claims on which Rassman lost. But Rassman prevailed on his FEHA claim, authorizing an award of emotional distress damages. (*Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 234.) The jury was instructed, "No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense." The jury heard all the evidence, including Rassman's testimony. Pak does not contend the evidence of Rassman's emotional distress was insufficient to support the award. Thus, we find no error in the damages award.

As for the attorney fees award, in FEHA actions, a prevailing plaintiff should ordinarily recover fees unless special circumstances would render an award unjust. (*Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970,

_____

[2] We don't dispute that the fiduciary duty instructions were curious in some respects—for example, in instructing that a corporate officer owes a fiduciary duty to "his partner."

7

976.) The trial court's ""'discretion to deny a fee award to a prevailing plaintiff is narrow.'"'" (*Steele v. Jensen Instrument Co.* (1997) 59 Cal.App.4th 326, 331.)

We see nothing that required the trial court to deny a fee award. Pak contends, "The award of attorneys' fees here was manifestly unjust because this entire lawsuit was litigated and tried to the jury without either party facing the potential of an attorneys' fee award." Delay is a proper factor when considering whether to allow an amendment. (*McMillin v. Eare, supra*, 70 Cal.App.5th at p. 909.) But Pak cites no authority—and we are aware of none—suggesting that once a FEHA claim is added, delay should prohibit recovering attorney fees, especially given the strong presumption that an award is appropriate. (*Steele v. Jensen Instrument Co., supra*, 59 Cal.App.4th at p. 331.) The court did not abuse its discretion by awarding fees.[3]

---

[3] Every year, lawyers must declare adherence to an oath promising: "'As an officer of the court, I will strive to conduct myself at all times with dignity, courtesy and integrity.'" (Cal. Rules of Court, rule 9.7(a), (b).) Judges are required to be "patient, dignified, and courteous . . . and shall require similar conduct of lawyers . . . ." (Cal. Code Jud. Ethics, canon 3B(4).) And judges may report attorney misconduct to the State Bar. (*Id.*, canon 3D(2).) We thus admonish Pak's trial counsel, Thomas P. Aplin, for writing in a trial court brief that Rassman "and his counsel are dishonest, or incompetent, or both" and in an e-mail to opposing counsel, "You're young, green, inexperienced and cocky." It is not "zealous advocacy" to impugn a colleague's character and age. Personal attacks are unpersuasive; they waste the court's time and the client's money. We encourage counsel to review the Orange County Bar Association's Civility Guidelines, which are available on the OCBA website and as the preface to the Orange County Superior Court's local rules. And we will direct this opinion to the State Bar for it to consider whether Mr. Aplin's unprofessional attacks constitute misconduct.

## DISPOSITION

The judgment and the postjudgment order are affirmed. Rassman is awarded costs on appeal. The clerk of this court is directed to send copies of this opinion to the State Bar of California and to attorney Thomas P. Aplin, State Bar No. 119480, at his address reflected in the California State Bar records.


SCOTT, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


GOODING, J.