[Civ. No. 17496. Fourth Dist., Div. Two. Nov. 17, 1977.]

ELLEN CHRISTINA YOUNG, Plaintiff,
Cross-defendant and Respondent, v.
GENERAL TELEPHONE COMPANY OF CALIFORNIA,
Defendant, Cross-complainant and Appellant.

## COUNSEL

Pickell & Brown and Ned A. Kimball for Defendant, Cross-complainant and Appellant.

John F. Cobb, Harry Frank Scolinos and Joseph E. Deems for Plaintiff, Cross-defendant and Respondent.

## OPINION

MORRIS, J.—Defendant and Cross-complainant, General Telephone Company of California, appeals from an order of the Superior Court of Riverside County denying costs.

Ellen Christina Young filed an action in superior court against General Telephone Company of California alleging damages in the

amount of $405,000 resulting from a collision between an automobile driven by plaintiff and a truck owned by defendant, General Telephone. General Telephone filed its answer and at the same time filed a cross-complaint alleging damages to its truck in the amount of $5,000.

At the commencement of trial, the parties entered into a stipulation agreeing to be bound on the cross-complaint by the jury verdict on the principal action. It was further stipulated that the property damage to the General Telephone truck was in the amount of $445.44.

Thereafter, the attorney who represented Ellen Young on the cross-complaint was excused from attendance at the trial.

Following a five-day trial the jury rendered a verdict in favor of the defendant, General Telephone.

Pursuant to the agreement of the parties, the court entered judgment on the cross-complaint in the amount of $445 in favor of the cross-complainant, General Telephone, and against cross-defendant Young.[1]

On June 2, 1976, defendant-cross-complainant filed its cost bill in the amount of $1,463.74.

Thereafter, plaintiff-cross-defendant filed a notice of motion to tax costs and to strike the memorandum of costs and disbursements of defendant-cross-complainant. The motion was granted, and on September 15, 1976, the order was entered striking the entire memorandum of costs.

■ Although the motion to tax costs and the supporting points and authorities are ambiguous as to the grounds for the motion, the parties agree in their briefs that the basis for the court's order was Code of Civil Procedure section 1032, subdivision (d).[2] Inasmuch as there is no other theory that would support striking the entire cost bill, we accept that as the basis for the decision.

Section 1032, subdivision (d) reads as follows: "(d) Judgment within jurisdiction of inferior court. In all actions, whether mentioned in this section or not, if the prevailing party recovers a judgment that could

---

[1]No judgment was entered on the verdict in the principal action.

[2]All references are to the Code of Civil Procedure unless otherwise stated.

have been rendered in a court inferior in jurisdiction in the county or city and county, such prevailing party shall not recover costs unless the judge, who presided at the trial, or, in the event of his inability for any reason to act, some other judge of the court, in his discretion, makes an order, allowing costs or such part thereof as he deems proper."

Respondent seeks to uphold the order striking costs on the ground that, since $445, the amount of the stipulated judgment, is within the jurisdictional amount of the small claims court, the judgment "could have been rendered in a court inferior in jurisdiction," and, therefore, the trial judge had the discretion to deny costs under section 1032, subdivision (d).

We have concluded that section 1032, subdivision (d) does not apply.

Section 1032, subdivision (d), does not refer to judgments rendered in an "amount" within the jurisdiction of an inferior court, but to a "judgment" that could have been rendered in a court of inferior jurisdiction.

Because the jurisdictional scheme of our court system is generally based on the amount in controversy, the section usually will be invoked on that basis. But jurisdiction does not always depend only on the amount in controversy. For example, municipal courts have jurisdiction of all civil cases in which the amount in controversy is $5,000 or less, except cases that involve the legality of any tax, impost, assessment, toll, or municipal fine. (§ 86, subd. (a)(1), further qualifications not germane to this illustration have been omitted.) In a case involving less than $5,000, but in which the legality of any tax, et cetera, is in issue, the action could not be brought in a municipal court, but rather only in a superior court. Thus, in such a case, while the amount in controversy may be within the jurisdictional limits of the municipal court, the judgment nevertheless could not be rendered in any court inferior in jurisdiction to the superior court. Similar examples can be imagined in the various situations in which, regardless of the amount in controversy, the matter is within the exclusive jurisdiction of the superior courts. (See 1 Witkin, Cal. Procedure (2d ed. 1970) Courts, § 139, pp. 407-409.)

It would seem therefore that the Legislature, contrary to respondent's wishful thinking, scrupulously avoided the use of language that would in some instances deny costs to successful litigants who seek their remedy in the only court available to them.

In the instant case the plaintiff, Ellen Young, commenced the litigation concerning the liabilities of the respective parties arising out of the motor vehicle collision. Once her complaint was filed in the superior court alleging a cause of action within the jurisdictional limits of that court, the defendant was compelled to allege, in a cross-complaint in the same court, any related cause of action defendant had against the plaintiff, or be thereafter forever barred from asserting such claim. (§ 426.30, subd. (a); *Schrader* v. *Neville*, 34 Cal.2d 112, 115 [207 P.2d 1057].)

Therefore, even though defendant-cross-complainant's ultimate recovery on its cross-complaint was within the jurisdictional amount limit of the small claims court, that court was not available to defendant-cross-complainant. The judgment could not have been rendered in any court inferior in jurisdiction to the superior court.

The construction we have given section 1032, subdivision (d), not only comports with the precise language of the statute, but is clearly consistent with the legislative purpose.

The disallowance of trial costs, when the judgment could have been rendered in a court of inferior jurisdiction, was intended to penalize the party who pleads a case in an amount in excess of the inferior court's jurisdiction but secures a judgment within the jurisdictional limit of the inferior court. It was intended to encourage plaintiffs to bring such doubtful cases in the inferior courts. (See *Paine* v. *Bank of Ceres,* 60 Cal.App.2d 621, 622-623 [141 P.2d 219].)

Although it is arguable that the reference to the "prevailing party" demonstrates a legislative intent to permit the court to penalize a defendant or cross-complainant who did not select the court, we reject this interpretation for the following reasons.

(1) The language, as we have seen, does not compel that interpretation.

(2) The legislative history does not support that construction.

Prior to the 1953 amendment, section 1032 expressly provided that the *"plaintiff* shall not recover costs when the judgment is one which could have been rendered by a municipal or inferior court . . . ." (Stats. 1933,

ch. 744, § 191, p. 1901, italics added, a similar proviso was contained in subd. (c).)[3]

The 1953 amendment deleted from subdivisions (a) and (c) the provision denying costs when the judgment could have been rendered by a municipal or justice court, giving the court discretion to allow or deny costs to the prevailing party when the judgment could have been rendered by an inferior court. (Stats. 1953, ch. 910, § 1, pp. 2265-2266.)[4]

It is thus apparent that the 1953 amendment, which first adopted the "prevailing party" language, was a legislative effort to relax the strict rule that no costs were recoverable by a plaintiff who selected the wrong court, and to permit the trial judge to allow costs to a plaintiff in a proper case. (See 4 Witkin, Cal. Procedure (2d ed.) Judgment, § 98, p. 3254, and cases there cited.)

(3) A construction that would authorize the court to penalize a party who is compelled to seek his remedy in the superior court would bear no reasonable relation to the legislative purpose of encouraging plaintiffs to bring doubtful cases in the inferior courts.

(4) Such interpretation would permit the anomalous result that a defendant who merely defeats a plaintiff's action in superior court is entitled as of right to recover costs (§ 1032, subd. (b)), whereas a defendant who, having a cause of action that he is compelled to assert by way of cross-complaint, must either abandon the claim or assert the same at the peril of obtaining a judgment in an amount within the jurisdictional limits of an inferior court and thus be denied his costs.

We conclude that the legislative purpose can best be realized by giving the language of section 1032, subdivision (d), its plain meaning, to wit, it applies only when the prevailing party recovers a judgment that, under the facts of the case presented, could have been rendered in a court inferior in jurisdiction.

Therefore, section 1032, subdivision (d), does not apply to deny costs to a cross-complainant who prevails on a compulsory cross-complaint.

---

[3] The statute, as amended in 1951, retained the same provisos but was amended to substitute "justice court" for "inferior court." (Stats. 1951, ch. 1737, § 139, pp. 4134-4135.)

[4] In 1957, subdivision (d) was amended to its present form. (Stats. 1957, ch. 1172, § 1, pp. 2464-2465.)

Defendant-cross-complainant is entitled to costs pursuant to section 1032, subdivision (a).

Judgment is reversed with directions to the trial court to include all proper costs in the judgment.

Kaufman, Acting P. J., and McDaniel, J., concurred.