**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 21 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL MANRIQUEZ,

Plaintiff-Appellee,

v.

J. VANGILDER; J. VASQUEZ,

Defendants-Appellants,

and

S. CUPP; J. CUSKE; K. OHLAND; D.
MELTON,

Defendants.

No.    21-15403

D.C. No. 4:16-cv-01320-HSG

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted March 8, 2022
San Francisco, California

Before:  WALLACE, S.R. THOMAS, and McKEOWN, Circuit Judges.

Defendants-Appellants Justin Vangilder and Juan Vasquez appeal from the

district court's order awarding Plaintiff-Appellee Daniel Manriquez $259,237.50 in

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

attorneys' fees under California Code of Civil Procedure § 1021.5. We have jurisdiction under 28 U.S.C. § 1291. "We review an award of attorney's fees for an abuse of discretion." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000). For the following reasons, we affirm.

First, the district court did not abuse its discretion in awarding Manriquez attorneys' fees under § 1021.5. Applying § 1021.5, the district court determined that the statutory standard is satisfied and held that "(a) a significant benefit . . . has been conferred on the general public or a large class of persons; (b) the necessity and financial burden of private enforcement . . . are such as to make the award appropriate; and (c) such fees should not in the interest of justice be paid out of the recovery, if any." Cal. Civ. Proc. Code § 1021.5. Because "the district court applied the proper legal principles," we focus on whether the district court clearly erred in any factual determinations underlying the award of attorneys' fees. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1148 (9th Cir. 2001).

Here, the district court did not clearly err in its analysis. Weighing "the significance of the benefit, as well as the size of the class receiving benefit, from a realistic assessment, in light of all the pertinent circumstances, of the gains which have resulted in a particular case," *Woodland Hills Residents Ass'n, Inc. v. City Council*, 593 P.2d 200, 212 (Cal. 1979), the district court held that the case confers a significant benefit to the general public because "Plaintiffs' verdicts have larger

2

implications beyond Plaintiffs' individual cases." To be sure, the primary effect of Manriquez's $2,500 judgment is arguably an enforcement of his personal interests against two correctional officers for an isolated incident, as there was no injunction or statewide policy changes. But we hold that the district court did not clearly err in its determination that Manriquez's verdict has "larger implications" beyond his individual case. The district court explicitly took into consideration the fact that indirect exposure to chemical agents is not uncommon among inmates and that Defendants' own witnesses testified at trial about the frequency with which chemical agents are used in prison facilities. Moreover, the district court highlighted that there are approximately 95,000 men and women incarcerated in California, including approximately 1,900 inmates in Pelican Bay, where Manriquez was in custody.

The second part of § 1021.5 is satisfied "when the cost of the claimant's legal victory transcends his personal interest, that is, when the necessity for pursuing the lawsuit placed a burden on the plaintiff out of proportion to his individual stake in the matter." *Woodland Hills*, 593 P.2d at 213 (internal quotation marks omitted). We agree with the district court's conclusion that this part is readily satisfied. In the end, Manriquez was awarded a total of $2,500 while his counsel requested a total of $467,425 in attorneys' fees for over 1,100 hours of work. Had counsel not agreed to represent Manriquez on contingency, the value of the recovery for Manriquez's pain and panic would not have justified the costs in litigating this case. For the same

3

reason—comparing the modest sum of the total damages to the attorneys' fee requested—we agree with the district court that the interests of justice require the fees to not be paid out of Plaintiffs' recovery. Because the district court did not err in determining that the requirements under § 1021.5 are satisfied, we affirm its decision to award attorneys' fees. *See Vasquez v. State*, 195 P.3d 1049, 1053–54 (Cal. 2008) (holding that "within the statutory parameters[,] courts retain considerable discretion" and that a reviewing court will generally "uphold the trial court's decision to award attorney fees under section 1021.5, unless the court has abused its discretion").

Second, the district court did not abuse its discretion in determining the amount of attorneys' fees awarded. After concluding that Manriquez is eligible for attorneys' fees under § 1021.5, the district court determined that some reduction in the requested fee by counsel was appropriate. Although there is no dispute that the fees, hours, and expenses requested are accurately calculated and reasonable under California's lodestar method, the district court reduced the award from the requested amount of $467,425 to $259,237.50 by using the hourly rate limited under the Prison Litigation Reform Act (PLRA). *See* 42 U.S.C. § 1997e(d)(3); *see also* 18 U.S.C. § 3006A. Even with the reduced award, Defendants argue that the amount awarded is improper because (1) the amount is nearly 84 times the limit under the PLRA and the district court failed to apportion the work between the state law claims and

4

federal law claims and (2) the award is improper as a matter of California law because of Manriquez's limited success.

At the outset, the PLRA cannot be used as a basis to limit the attorneys' fees granted under California Code of Civil Procedure § 1021.5. In this case, Manriquez prevailed on both his state law negligence claim as well as his Eighth Amendment claim against Defendants. The state law claim thus served as an independent basis for awarding attorneys' fees, the amount of which is not governed or limited by the PLRA. *See Rodriguez v. County of Los Angeles*, 891 F.3d 776, 808 (9th Cir. 2018). Moreover, the district court is not required to apportion the work between Manriquez's Eighth Amendment claim and his negligence claim because his claims are intertwined and based on the same common core of facts. The Supreme Court has held that while some "civil rights cases will present only a single claim," other cases "will involve a common core of facts or will be based on related legal theories [so that] [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). "Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* The district court explained that "[d]ifferentiating time spent between the state and federal law claims is particularly

5

difficult here, where Defendants were found liable for both state and federal claims based on the same facts." In light of the deferential standard of review as well as the common core of facts, the district court did not abuse its discretion in declining to apportion the fees on a claim-by-claim basis.

Finally, the amount of attorneys' fees awarded was not improper as a matter of California law due to Manriquez's limited success. Under federal law, "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988." *Hensley*, 461 U.S. at 440. Thus, "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Id.* "On this point, California law is consistent with federal law." *Chavez v. City of Los Angeles*, 224 P.3d 41, 54 (Cal. 2010). Defendants argue that because of Manriquez's limited success at trial, the attorneys' fees awarded were "unreasonable." We disagree. Although Manriquez did not prevail on all of his claims against all defendants, he clearly prevailed on most of his claims against Defendants Vangilder and Vasquez. Moreover, the Supreme Court has cautioned that "limited success" should only be analyzed on a claim-by-claim basis when the claims are distinct. *See Hensley*, 461 U.S. at 440 ("Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable

6

fee."). The Court made clear that "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Id.* Indeed, the California Supreme Court has also acknowledged that generally "fees are not reduced when a plaintiff prevails on only one of several factually related and closely intertwined claims." *Chavez*, 224 P.3d at 54. As mentioned previously, this case involves closely related claims that are based on the same core of facts. Thus, we hold that the $259,237.50 award is not unreasonable and the district court "met its obligation 'to articulate . . . the reasons for its findings regarding the propriety of the hours claimed or for any adjustments it makes.'" *Ferland*, 244 F.3d at 1148 (alteration in original) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir.1992)).

**AFFIRMED.**