Filed 9/4/13  Tran v. Haralambus CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| NEENAH TRAN,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>HARRY HARALAMBUS,<br><br>        Defendant and Appellant. | B242575<br><br>(Los Angeles County<br>Super. Ct. No. BC 352094) |

        APPEAL from an order of the Superior Court for the County of Los Angeles. Charles F. Palmer, Judge.  Affirmed.


        Harry Haralambus, in pro. per., for Defendant and Appellant.


        R. Jeffery Ward for Plaintiff and Respondent.

_____

**SUMMARY**

Defendant Harry Haralambus appeals from an order awarding $143,861.87 in attorney fees to plaintiff Neenah Tran after she prevailed at a bench trial on causes of action for sexual harassment, assault and battery. Defendant contends the court abused its discretion when it awarded plaintiff the full amount of her fees, because plaintiff recovered only $22,625 in damages, plaintiff did not prevail on other causes of action, and her attorney fees were three times greater than defendant's attorney fees. Defendant has shown no abuse of discretion, so we affirm the order.

**FACTS**

Plaintiff sued defendant and her employer, Beyond Blue, Inc., for sexual harassment in violation of the Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.), and also alleged 12 other causes of action, all based on the same facts. Plaintiff's case was consolidated with a case filed by her sister, Tina Tran.

Plaintiff prevailed on her sexual harassment claims, and on causes of action for assault and battery, against both defendants, and also prevailed on a claim under FEHA against Beyond Blue, Inc., for failure to prevent harassment and discrimination. Plaintiff did not prevail on the nine other causes of action.[1] Plaintiff recovered damages of $22,625, consisting of noneconomic damages of $20,000 and economic damages for future psychotherapy of $2,625. Plaintiff's sister did not prevail on any of her claims.

Plaintiff filed a motion for attorney fees. On April 19, 2012, the court ruled that plaintiff was entitled to recover attorney fees. The court observed that, under Code of Civil Procedure section 1033, subdivision (a), the trial court has discretion to deny attorney fees to a plaintiff who prevails on a FEHA claim but recovers an amount that

---

[1]    The court entered judgment for defendants on causes of action for sexual discrimination and retaliation under the FEHA, sexual harassment and discrimination in violation of public policy, retaliation in violation of public policy, statutory sexual battery (Civ. Code, § 1708.5), intentional infliction of emotional distress, violation of the Bane Act (§ 52.1), violation of the Ralph Civil Rights Act (§ 51.7), and violation of the Unruh Act (§ 51).

2

could have been recovered in a limited jurisdiction civil case.**2** (See *Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970, 976 (*Chavez*) ["section 1033(a), interpreted according to its plain meaning, gives a trial court discretion to deny attorney fees to a plaintiff who prevails on a FEHA claim but recovers an amount that could have been recovered in a limited civil case"].)

The trial court then stated: "[T]he court finds that the strong public policy in favor of access to judicial remedies for employees seeking enforcement of rights created under FEHA, and with respect to sexual harassment in particular, and that the nature of the conduct which the court found to have occurred in this case[,] cause the court to exercise its discretion to award attorneys fees to plaintiff Neenah Tran."

Because plaintiff prevailed but her sister did not, the court had to allocate attorney fees between the two plaintiffs. The court found it impossible to allocate the time spent on each plaintiff's claims with precision, and allocated 25 percent of the fees to plaintiff, concluding that prosecution of plaintiff's sister's unsuccessful claims required substantially greater attorney time. The court stated: "Accordingly, the court awards plaintiff . . . $143,861.87 in attorney fees. There will be no multiplier in light of the amount of the judgment obtained."

The trial court then allowed the parties to file briefs. On May 17, 2012, the court, after considering the written and oral submissions of the parties "with respect to the court's award of attorneys fees to plaintiff . . . reflected in the minute order of April 19, 2012," adopted that order: "[T]he court affirms and adopts without modification the award of attorneys fees in the amount of $143,861.87 to [plaintiff] reflected in the minute order for the reasons there stated." The court found the hourly rates reasonable and consistent with prevailing rates in the community, and found the hours were reasonable (taking into account the allocation of fees as between the two plaintiffs). Further, the

---

**2** Code of Civil Procedure section 1033, subdivision (a) provides: "Costs or any portion of claimed costs shall be as determined by the court in its discretion in a case other than a limited civil case in accordance with Section 1034 where the prevailing party recovers a judgment that could have been rendered in a limited civil case."

court said, "The factors asserted by defendants as a basis for reducing the award were taken into account in the absence of a multiplier and in reaching the allocation of attorneys fees as between [plaintiff] and [her sister]."

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant contends the trial court abused its discretion by awarding plaintiff the entire amount of attorney fees allocated to her claims. Abuse of discretion is shown, he claims, by plaintiff's recovery of less than the jurisdictional amount of damages in an unlimited civil case, by her failure to prevail on her other causes of action, and by the fact that her fees were three times greater than the fees of all the defendants. (Defendant also contends the trial court erred in issuing amended judgments after this appeal was filed, but does not say how or why those amended judgments have any relevance to his appeal of the court's attorney fee order. We therefore do not address this point.)

Defendant's claim of abuse of discretion in the attorney fee award has no merit.

Defendant relies on *Chavez, supra*, 47 Cal.4th 970, where the court found no abuse of discretion when the trial court denied attorney fees to a plaintiff who recovered only $11,500 on a FEHA claim. (*Chavez,* at p. 976.) In *Chavez*, the Supreme Court examined the extent of the plaintiff's success, observing his "single successful claim apparently was not closely related to or factually intertwined with plaintiff's many unsuccessful claims . . . ." (*Chavez,* at p. 990.) *Chavez* found the trial court could reasonably conclude the plaintiff's request for more than $870,000 in fees was "grossly inflated when considered in light of the single claim on which plaintiff succeeded, the amount of damages awarded on that claim, and the amount of time an attorney might reasonably expect to spend in litigating such a claim. This fact alone was sufficient, in the trial court's discretion, to justify denying attorney fees altogether." (*Id.* at p. 991.)

Further, *Chavez* found that the trial court "could, and did, reasonably conclude that this action should have been brought as a limited civil case." (*Chavez, supra,* 47 Cal.4th at p. 991.) The court continued: "The trial court was familiar with all of the trial proceedings and with the evidence presented at trial. It was therefore in a much better

4

position than this court, or the Court of Appeal, to determine whether this action could fairly and effectively have been litigated as a limited civil case and also whether plaintiff's attorney should have realized, well before the action proceeded to trial, that plaintiff's injury was too slight to support a damage recovery in excess of $25,000. We have no reason to question the trial court's implied determinations on these points." (*Ibid.*)

Here, as in *Chavez*, plaintiff recovered less than the jurisdictional amount on a FEHA claim in an unlimited civil case. But the likeness ends there. In this case, plaintiff's successful and unsuccessful claims were all based on the same facts. A reduced fee award is appropriate when a claimant achieves limited success, but "fees are not reduced when a plaintiff prevails on only one of several factually related and closely intertwined claims . . . ." (*Chavez, supra,* 47 Cal.4th at p. 989; see *Bell v. Vista Unified School Dist.* (2000) 82 Cal.App.4th 672, 687 ["fees need not be apportioned when incurred for representation on an issue common to both causes of action in which fees are proper and those in which they are not"].) Even on appeal, defendant has not articulated the manner in which the court should have allocated attorney fees as between claims plaintiff prevailed on and those she did not.

More importantly, the point in *Chavez* is that the trial court has *discretion* to deny fees in a FEHA case that could have been brought as a limited jurisdiction case – not that it *must* do so. Indeed, *Chavez* specifically stated that, "[i]n exercising that discretion, . . . the trial court must give due consideration to the policies and objectives of the FEHA in general and of its attorney fee provision in particular." (*Chavez, supra,* 47 Cal.4th at p. 976.)

That is exactly what the trial court did in this case. After acknowledging its discretion to award or deny fees, the court concluded it would exercise its discretion to award fees, both because of "the strong public policy in favor of access to judicial remedies for employees seeking enforcement of rights created under FEHA, and with respect to sexual harassment in particular," *and* because of "the nature of the conduct which the court found to have occurred in this case . . . ." After so deciding, the court

5

gave the parties another chance to brief the attorney fees issue. Defendant then made the same arguments to the trial court that it now makes on appeal: "limited success," "disproportionate fee requests in relation to the amount of the damages obtained," attorney fees several times higher than defense counsel's fees, and that counsel should have anticipated a verdict less than $25,000.

The trial court considered defendant's arguments, but adopted without modification the award of fees as stated in its April 19, 2012 minute order, "for the reasons there stated." Further, the trial court addressed defendants' arguments for reduced fees: "The factors asserted by defendants as a basis for reducing the award were taken into account in the absence of a multiplier and in reaching the allocation of attorneys fees as between [plaintiff] and [her sister]."

On these facts, no abuse of the trial court's discretion has been or can be shown.

## DISPOSITION

The order awarding attorney fees is affirmed. Plaintiff shall recover her costs on appeal.

GRIMES, J.

We concur:

RUBIN, Acting P. J.

FLIER, J.

6