Filed 2/19/25  Langer v. Chao CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>JAMES J. CHAO, MD, FACS,<br><br>  Defendant and Respondent. | D084126<br><br><br>(Super. Ct. No. 37-2021-00027398-CU-CR-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Matthew C. Braner, Judge.  Reversed and remanded with directions.

Seabock Price, Dennis Price and Sara Johnson for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

In this appeal, Chris Langer challenges the basis for the trial court's attorney fee award included with the default judgment in Langer's lawsuit against James J. Chao, MD, FACS, dba Oasis MD (Chao).  Langer contends that the trial court improperly based its fee award on the fee schedule set forth in the local rules of the San Diego Superior Court rather than on the

evidence presented to the trial court in Langer's attorney fee prove-up hearing. Although there is no reporter's transcript from the relevant hearing, the settled statement approved by the trial court indicates that "[t]he court ruled for [Langer] using the local rule fee schedule." Because that statement indicates the trial court erroneously based its award on the fee schedule, rather than on the evidence presented by Langer, we reverse the default judgment, and we remand with directions for the trial court to make an attorney fee award to Langer that is not based on the fee schedule in the local rules.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Langer filed a lawsuit against Chao alleging a violation of the Unruh Civil Rights Act (Civ. Code § 51 et seq.) (the Unruh Act) based on the alleged absence of closed captioning on videos appearing on the website for Chao's cosmetic and reconstructive surgery practice.[1] Langer subsequently obtained entry of default against Chao.

Langer then applied to the trial court to obtain a default judgment. The Unruh Act states that a prevailing plaintiff may be awarded statutory

---

[1] Langer did not include his complaint in the appellate record. It is an appellant's burden to provide an adequate record on appeal. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) Without the complaint, we lack a full understanding of the claims asserted in Langer's lawsuit or the relief that he sought. However, because other documents in the appellate record represent that Langer's lawsuit was based on alleged violations of the Unruh Act, we assume, although we cannot verify, that Langer's lawsuit alleged a cause of action under the Unruh Act. In the unique circumstance of this appeal, we are able to determine that the trial court erred, even though we do not have a detailed understanding of the allegations asserted in Langer's complaint. However, we caution counsel that the operative pleading will often be an essential document in an appeal, and an appellant will often not be able to meet its burden on appeal in the absence of the operative pleading.

2

damages of no less than $4,000, as well as "any attorney's fees that may be determined by the court in addition thereto." (Civ. Code, § 52, subd. (a).) It also provides for injunctive relief. (*Id.*, subd. (c)(3).) Accordingly, in requesting a default judgment, Langer sought a statutory award of $4,000, injunctive relief in the form of an order "requiring Defendant to make its website accessible to hearing impaired individuals," and an award of attorney fees.

San Diego County Superior Court has adopted a local rule that governs attorney fee awards in default judgments. (Super. Ct. San Diego County, Local Rules, rule 2.5.10.)[2] The rule states, "Whenever the obligation sued upon provides for the recovery of a reasonable attorney fee, the fee in each default case may be fixed pursuant to the following schedule . . . ." (*Id.*) It then sets forth a schedule based on the "principal amount" recovered by the plaintiff. (*Id.*) Finally, it states, "In any case where an attorney claims he or she is entitled to a fee in excess of any of the above amounts, the attorney may apply to the court therefor and present proof to support the claim. The court will determine the reasonable fee amount according to proof." (*Id.*)

When Langer applied to the trial court for a default judgment, he specifically argued that it was not appropriate for the trial court to base its fee award on the local rule's fee schedule. Langer stated that the trial court should base its fee award on evidence he submitted regarding the reasonable hourly rate for the type of litigation involved and the hours that counsel expended. (See *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131–1132 (*Ketchum*) [explaining the lodestar adjustment method for arriving at a

_____

[2]    Unless otherwise indicated, all further references to local rules are to the Superior Court of California, County of San Diego Local Rules, effective January 1, 2024.

3

reasonable fee award].)  Based on that evidence, Langer requested an attorney fee award of $7,985.00.

The trial court held a default prove-up hearing for the purpose of deciding the amount of attorney fees to be awarded.  The hearing was not reported, but Langer later prepared a settled statement regarding the hearing, which the trial court approved as accurate.  According to the settled statement, "[t]he court ruled for [Langer] using the local rule fee schedule." The trial court's minute order states that fees were awarded in the amount of $825.  The default judgment subsequently issued by the trial court awarded $4,000 in damages; $825 in fees; and $632.65 in costs.[3]  The default judgment makes no reference to injunctive relief.

Langer filed a notice of appeal from the default judgment.

## II.

## DISCUSSION

The sole issue in this appeal is whether, as Langer contends, the trial court erred in using the fee schedule in Local Rule 2.5.10 to determine the amount of attorney fees awarded in the default judgment.  To evaluate Langer's contention, we first focus on the applicable legal authority.

The fee schedule in Local Rule 2.5.10 appears to exist for the purpose of facilitating the type of clerk-entered default judgment explained in

---

[3]     Under the fee schedule, when the "principle amount" recovered by the plaintiff is between $3,501 and $4,000, a fee of $675 is indicated.  (Local Rules, rule 2.5.10.)  For a recovery between $4,501 to $5,000, a fee of $825 is indicated.  (*Id*.)  The record does not detail how the trial court used the fee schedule to arrive at a fee award of $825.  It is possible that the trial court arrived at a fee award of $825 based on the fact that Langer recovered a total of $4,632.65 in fees and costs.

subdivision (a) of Code of Civil Procedure section 585.[4]  That provision states that "[i]n an action arising upon contract or judgment for the recovery of money or damages only," if the defendant defaults, "the clerk, upon written application of the plaintiff, and proof of the service of summons, shall enter the default of the defendant . . . and immediately thereafter" enter default judgment in the appropriate amount.  (§ 585, subd. (a).)  As specifically relevant here, the statute provides that "[i]f, by rule of court, a schedule of attorneys' fees to be allowed has been adopted, the clerk may include in the judgment attorneys' fees in accordance with the schedule (1) if the contract provides that attorneys' fees shall be allowed in the event of an action thereon, or (2) if the action is one in which the plaintiff is entitled by statute to recover attorneys' fees in addition to money or damages."  (*Id*.)  However, in such a case, the plaintiff may *alternatively* request that the trial court set the amount of the attorney fee award.  To do so, "[t]he plaintiff shall file a written request at the time of application for entry of the default of the defendant or defendants, to have attorneys' fees fixed by the court, whereupon, after the entry of the default, the court shall hear the application for determination of the attorneys' fees and shall render judgment for the attorneys' fees," as well as the other relevant monetary relief.  (*Ibid*.)

Subdivisions (b) and (c) of section 585 cover a default judgment in a lawsuit that is *not* "an action arising upon contract or judgment for the recovery of money or damages only."  (§ 585, subd. (a).)  In that situation, after the clerk enters default, the plaintiff must apply to the trial court for a default judgment, and no clerk-entered default judgment is available.  (§ 585, subds. (b), (c).)

---

[4]     Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

5

Subdivision (d) of section 585 provides that in all situations in which the trial court decides an application for attorney fees in connection with a default judgment, "the court in its discretion may permit the use of affidavits, in lieu of personal testimony, as to all or any part of the evidence or proof required or permitted to be offered, received, or heard in those cases." (*Id.*, subd. (d).) Subdivision (d) makes no mention of the trial court using a fee schedule in arriving at an appropriate attorney fee award.

As explained in a leading treatise, "Where . . . fee schedules are in effect, and plaintiff is willing to accept the scheduled fee, the court clerk may include that amount in the default judgment." (Edmon & Karnow, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2024) ¶5:140.) "Plaintiff is not required to accept the scheduled fee. . . . Consequently, if plaintiff is unwilling to accept the scheduled fee, he or she will have to request a court judgment. The court can award attorney fees in whatever amount it determines to be reasonable." (*Id.*, ¶5:142.)

California Rules of Court, rule 3.1800(b), gives a court the authority to adopt, through a local rule, the type of fee schedule referred to in section 585, subdivision (a) for use in clerk-entered default judgments. Specifically, that rule provides, "A court may by local rule establish a schedule of attorney's fees to be used by that court in determining the reasonable amount of attorney's fees to be allowed in the case of a default judgment." (Cal. Rules of Court, rule 3.1800(b).)

The text of Local Rule 2.5.10 suggests that the fee schedule set forth therein was intended for use by the clerk of the court in entering a default judgment, without trial court involvement, pursuant to subdivision (a) of section 585. Specifically, Local Rule 2.5.10 states that "[w]henever the obligation sued upon provides for the recovery of a reasonable attorney fee,

6

the fee in each default case may be fixed pursuant to" the fee schedule, but that "[i]n any case where an attorney claims he or she is entitled to a fee in excess of any of the above amounts, the attorney may apply to the court therefor and present proof to support the claim," in which case "[t]he court will determine the reasonable fee amount according to proof." (Local Rules, rule 2.5.10.) Accordingly, we understand Local Rule 2.5.10, like section 585, subdivision (a), to give the plaintiff a *choice* when a clerk-entered default judgment is available. The plaintiff may accept an attorney fee based on the fee schedule and have the clerk enter the default judgment, or the plaintiff may apply the trial court to determine a reasonable fee award and have the trial court enter the default judgment. If the plaintiff chooses the second option, the fee schedule becomes irrelevant.

In Langer's case, entry of a default judgment by the clerk of the court, along with the concomitant use of the fee schedule in making an attorney fee award, was not available. For one thing, the relief that Langer sought in the default judgment was not limited to a monetary award; he also sought an injunction. A clerk-entered default judgment is not available when the relief includes an injunction. (§ 585, subd. (a) [a clerk-entered default judgment is available "[i]n an action arising upon contract or judgment for the recovery of money or damages only"].) Moreover, even when (unlike here) a clerk-entered default judgment *is* available, section 585, subdivision (a) plainly gives a plaintiff a choice to *opt out* of using the fee schedule for an attorney fee award. Here, Langer expressly stated that he did *not* want the trial court to base its fee award on the local rule's fee schedule. Instead, he wanted the trial court to award a reasonable fee based on the evidence presented. Thus, even were this a case where a clerk-entered default judgment with use of the fee schedule was appropriate, Langer elected *not* to proceed in that manner.

7

In sum, there was no legal basis for the trial court to use the fee schedule contained in Local Rule 2.5.10 when it determined the amount of attorney fees to be awarded in Langer's default judgment, and the trial court erred in doing so.  Neither section 585, nor Local Rule 2.5.10 contemplate a situation where a plaintiff is ever *forced* to accept an attorney fee award based on a fee schedule.  However, that is what occurred here when the trial court insisted on using the fee schedule in making the attorney fee award to Langer, over Langer's objection.

Where a statute, such as the Unruh Act, provides for an award of attorney fees, a trial court must apply the "lodestar adjustment method" of calculating an attorney fee award, unless the Legislature has "expressly so stated." (*Ketchum, supra*, 24 Cal.4th at p. 1135.)  When applying the lodestar adjustment method, "the trial court first determines a touchstone or lodestar figure based on a careful compilation of the time spent by, and the reasonable hourly compensation for, each attorney, and the resulting dollar amount is then adjusted upward or downward by taking various relevant factors into account." (*Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970, 985.)  Here, the lodestar adjustment method applies because the Unruh Act provides generally for an award of "any attorney's fees that may be determined by the court," without specifying a method for calculating the fee award.  (Civ. Code, § 52, subd. (a).)

We will accordingly remand this matter to the trial court to arrive at an attorney fee award by using the lodestar adjustment method rather than by using the local rule's fee schedule.

## DISPOSITION

The default judgment is vacated, and this matter is remanded with directions that the trial court exercise its discretion to make a reasonable attorney fee award to Langer without using the fee schedule set forth in Local Rule 2.5.10.


IRION, Acting P. J.

WE CONCUR:


KELETY, J.


CASTILLO, J.